COBB, Judge.
Appellants Pearson and Rhodes appeal from an order authorizing distribution of $19,000.00 of the estate of Adolf Klippstein to appellees Cobb and Hanna.
Adolf and Ruby Klippstein were married in 1977. Adolf had two children, the appel-lees, by a prior marriage. Ruby likewise had two children, the appellants, by a prior marriage. Ruby predeceased Adolf.
A dispute exists as to whether the proceeds from the sale of real property owned by Adolf and Ruby Klippstein passed by will to a valid trust and then to the four children in equal shares or whether Adolf validly revoked the trust shortly before he died, retitled the property in his own name and it passed upon his death to his children, the appellees.
Appellants contend that the trial court violated section 733.802, Florida Statutes, by authorizing distribution of $19,000.00, nearly half of the net proceeds of the sale ($39,-107.57) where the estate has yet to be fully administered. Appellees counter, inter alia, that they are entitled at the very least to one-half of the net proceeds derived from the sale and that the partial distribution is warranted.
Where, as here, a legal dispute exists as to the disposition of property, the trial court should take no steps which would prejudice the parties’ rights pending resolution of the dispute. Having said this, however, there is nothing in the record provided which indicates that applicability of section 733.802, Florida Statutes, was raised below. Neither the motion seeking partial distribution nor the trial court order reference the statute. No responsive pleading challenging the sufficiency of the motion seeking partial distribution was apparently filed by the appellants nor is a transcript of the hearing below provided. An appellate court will not consider an issue raised for the first time on appeal.
The issue of an improper partial distribution was raised in a motion for rehearing filed by the appellants but this motion contains no reference to section 733.802. The appellants claim in this motion that expenses, costs and fees have not yet been established but the record before this court does not indicate the nature or possible extent of these sums. It is entirely possible that these amounts are minimal and that the partial distribution leaves adequate funds for payment thereof without jeopardizing appellants’ claim to one-half of the funds. Appellants additionally argue that the trial court should have ordered the appellees to post a bond but again there is no indication that such request was made below.
*1071 In sum, on this record, it cannot be said that the trial court erred in authorizing a partial distribution to appellees of $19,000.00.
AFFIRMED.
GOSHORN and PETERSON, JJ., concur.